

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2007

# USA v. Pulyer

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Pulyer" (2007). *2007 Decisions.* Paper 1569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2247

———

UNITED STATES OF AMERICA

v.

RICHARD MARTIN PULYER,
                    Appellant

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 04-00041
District Judge: Honorable Yvette Kane

———

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2007

———

Before: BARRY, ROTH, *Circuit Judges*, and IRENAS,[*] *Senior District Judge.*

(Filed:  February 27, 2007 )

———

OPINION

———

**IRENAS**, Senior United States District Judge.

---

[*] Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

1

Richard Martin Pulyer (hereafter "Pulyer" or "Defendant"), appeals his sentence of 78 months imposed after he pleaded guilty to 26 counts of mail fraud (in violation of 18 U.S.C. § 1341) and access device fraud (in violation of 18 U.S.C. § 1029(a)(2)). Pulyer's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), along with a Motion to Withdraw as Counsel, while Pulyer has filed a *pro se* brief in support of his appeal. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over the sentencing order pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we will affirm the sentence and grant counsel's request to withdraw.

## I.

Pursuant to a written plea agreement with the United States, Pulyer pled guilty to 26 counts of mail fraud and access device fraud on June 7, 2004. The Second Revised Pre-sentencing Investigation Report recommended a Sentencing Guideline offense level of 24, including enhancements of four points because the offense involved fifty or more victims and two points for abusing a position of trust. (App. at pp. 148-49). The Probation Department also recommended a criminal history category of III. (App. at p. 151). Although the plea was taken before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), the discretion granted to the District Court by this decision applied to Pulyer's sentencing, which occurred thereafter.

On January 27, 2005, Pulyer filed a Notice of Motion for Downward Departure, in which U.S.S.G. § 5K2.13 (Diminished Capacity) was cited as the sole basis for the

departure. (App. at p. 116). However, the brief in support of this motion argued, *inter alia*, that (i) the offense level calculations, including those for number of victims, loss amount, and abuse of position of trust, were erroneous; (ii) the criminal history score was overstated; (iii) the loss amount overstated the seriousness of the offense (Application Note 10 to U.S.S.G. § 2F1.1, since deleted); (iv) a Lesser Harms downward departure was justified by § 5K2.11; (v) the collateral consequences of conviction merited a downward departure under *Koon v. United States*, 518 U.S. 81 (1996); and (vi) there are mitigating factors in this case not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines (18 U.S.C. § 3553(b)(1) and U.S.S.G. § 5K2.0 (a)(1)(A)). (App. at p. 120 et seq.).

The downward departure motion filed prior to sentencing was dated 14 days after the Supreme Court decided *Booker*, but makes no mention of that decision, although it does argue that a consideration of the factors in 18 U.S.C. § 3553(a) might justify a departure from the Guidelines. (App. at pp. 130-32). Pulyer failed to appear for the sentencing scheduled on January 31, 2005, which resulted in a 2-point enhancement for obstruction of justice and loss of three points for acceptance of responsibility, causing his offense level to rise from a 19 to a 24. (Compare App. at p. 101 with App. at p. 149).

On April 12, 2005, the District Court for the Middle District of Pennsylvania (Kane, J.) held a sentencing hearing. Defendant's counsel continued to argue that the offense level calculation was erroneous for the reasons cited in his earlier motion, but made no argument concerning his various theories of downward departure, other than

3

indirectly by reference to his prior brief. He alluded to *Booker*, although not by name, and argued for a lower sentence than that called for by the Guidelines. (App. at pp. 38-40).

The District Court implicitly denied the motion to downwardly depart and stated that "I don't think there's any question in my mind that the proper offense level is that of 24, with a criminal history category 3. That would be a guideline range of 63 to 78 months." (App. at p. 60). At sentencing the District Court made no specific reference to *Booker* or § 3553(a) factors, although the District Judge did state that "I'm not bound by the guidelines." (App. at p. 63). Moreover, the District Judge did briefly discuss the character of the Defendant and the nature of the crime, which are important § 3553(a) factors. Defendant was sentenced to 78 months.

On February 9, 2006, Pulyer's counsel filed an *Anders* brief arguing only that the right to appeal was waived by the agreement to plead guilty. On March 15, 2006, Pulyer submitted a *pro se* brief in which he argued that: (1) the sentencing guideline enhancements were unconstitutional because they were not proven beyond a reasonable doubt; and (2) his counsel was ineffective.

Pursuant to Third Circuit Local Appellate Rule 109.2(a), if trial counsel reviews the District Court record and "is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting [*Anders*] brief." Third Circuit L.A.R. 109.2(a). In considering counsel's submission, we must examine: (1) "whether counsel adequately fulfilled the rule's requirements;" and (2) "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). To satisfy the *Anders* requirements counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

The entire thrust of the *Anders* brief is the erroneous assertion that as part of the plea agreement Pulyer has waived all of his appellate rights.[1] The brief did not address any potential appealable issues on the merits, nor did it explain why such issues are frivolous. Indeed, even the government pointed out that Pulyer did not waive his appellate rights, (Gov. Br. at pp. 11-12), and at sentencing the District Judge specifically

---

[1] A guilty plea implicitly waives a variety of rights which a defendant would have were he to put the government to its burden of proof at a trial, and such waivers might effectively render meritless any appeal which attempts to assert those rights. However, a guilty plea as such is not a waiver of the right to appeal, particularly sentencing issues, unless specifically set forth as part of a knowingly and intelligently entered plea agreement. *See*, *United States v. Schweitzer*, 454 F.3d 197, 205 (3d Cir. 2006); *United States v. Lockett*, 406 F.3d 207, 213 (3d Cir. 2005); *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001).

advised Defendant of his right to appeal.[2]  (App. at p. 65).

However, even when an *Anders* brief is inadequate, we may nevertheless affirm a conviction where the frivolousness of appeal is patent.  *See Youla*, 241 F.3d at 300.  We see four possible issues, including the two raised by Pulyer in his *pro se* brief, and we will consider each in turn.

First, the District Court might have applied the wrong burden of proof when ruling on the Sentencing Guidelines enhancements.  As he did in his *pro se* submission, Pulyer could argue that all factors that lead to sentence enhancements must be proven beyond a reasonable doubt.  However, this argument fails as a matter of law because sentencing facts need only be determined by a preponderance of the evidence.  *See United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).  A review of the record supports the District Court's determination that all Guideline enhancements in computing the offense level were well supported by a preponderance of the evidence.

Second, Pulyer has argued that his counsel was ineffective.  However, this argument must be rejected now, because ineffective assistance of counsel claims are not considered by this Court on direct appeal.  *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003).  Such claims would be deferred to collateral attack.  *Id.*

Third, Pulyer might argue that the District Court erred in failing to grant one or

---

[2] An attorney's duty of loyalty to a client puts a special burden on the filer of an *Anders* brief to explore thoroughly potentially appealable issues.  We are disappointed by the poor quality of the effort in this case.

more of the downward departures argued by him in his pre-sentence motion. However, it is well established that the failure of a trial court to grant a requested downward departure under the Guidelines is not reviewable on appeal. *Cooper*, 437 F.3d at 333 ("We ... declin[e] to review, after *Booker*, a district court's decision to deny departure.").

Finally, Pulyer could argue that the District Court did not, under *Booker,* separately analyze each of the factors set forth in § 3553(a) in deciding whether to grant a downward variance. However, Pulyer did not assert any such argument either before the District Court or here. The District Court was clearly aware of its *Booker* authority and discussed both its dim view of the character of the Defendant as well as the harm caused by his crime. A factor-by-factor analysis under § 3553(a) is not required by the Third Circuit if the trial judge demonstrates an awareness of the law and a consideration of the particular facts of the case. *See Cooper*, 437 F.3d at 329 ("Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."). In fact, the District Court noted that Pulyer's case actually warranted a sentence above the Guideline range, but refrained from going beyond the top of the range in the interests of "uniformity in sentencing." (App. at p. 63). *See* 18 U.S.C. § 3553(a)(6). Thus, arguing that the District Court failed to adequately consider *Booker* or § 3553(a) would be frivolous.

Accordingly, the sentence will be affirmed and counsel's Motion to Withdraw will be granted.